# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 11mj82 |
| Plaintiff, | | |
| vs. | | **ORDER** |
| KARLIS RAY BAISDEN, | | |
| Defendant. | | |

This matter came on for detention hearing on April 12, 2011. Assistant U.S. Attorney Robert A. Knief appeared on behalf of the plaintiff (the "Government"). The defendant Karlis Ray Baisden appeared in person with his attorney, Assistant Federal Public Defender Michael L. Smart. The Government offered the testimony of Deputy David Drew and FBI Special Agent Eric Grunder. Baisden offered the testimony of Tammy Baisden and Carlos Baisden.

The court must determine whether any condition or combination of conditions will reasonably assure Baisden's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained on the basis of a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992) (per curiam); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (per curiam).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Baisden as required and the safety of the community if the court finds there is probable cause to believe Baisden committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of § 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an

offense that is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). In a presumption case, "a defendant bears a limited burden of production–not a burden of persuasion–to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (internal quotation marks omitted). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*

In determining whether the defendant poses a danger to the community, the court applies the factors outlined in 18 U.S.C. § 3142(g), including (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. The court must then determine whether any of the conditions under 18 U.S.C. § 3142(c) can reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc).

In the present case, the court finds that the nature and circumstances of the crime that Baisden is charged with, bank robbery, indicate that he would be a danger to the community if released and weigh in favor of pre-trial detention. *See United States v. Stenger*, 536 F. Supp. 2d 1022, 1028 (S.D. Iowa 2008). Baisden is alleged to have used a stolen car and a deadly weapon to rob a bank, and recklessly disregarded traffic laws in evading arrest. In so doing, he did more than put innocent bystanders at risk of physical injury; he endangered their lives. *See id.* For also these reasons, the nature of the danger to the community that Baisden poses further weighs in favor of pre-trial detention. In sum, Baisden would pose a serious risk to the community if released on his own recognizance pending trial.

Next, the court considers whether any conditions of release might reasonably assure that the defendant will not harm the community. These factors include releasing a defendant

to the custody of a person who will be responsible for supervision, requiring a defendant to maintain a job, and requiring the defendant to refrain from possessing a firearm, among other things. 18 U.S.C. § 3142(c). While Baisden has offered to submit to parental supervision, the court does not believe that such supervision, even with other conditions such as maintaining employment and refraining from possessing a firearm, is an adequate safeguard for the public. The court, therefore, finds the Government has proved by clear and convincing evidence that, if Baisden were to be released before trial, no condition or combination of conditions imposed on him would reasonably assure the safety of the community.

Therefore, the court finds the following:

1. Baisden is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Baisden reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Baisden to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a)    Attach a copy of the release/detention order to the appeal;

    (b)    Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Baisden must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 12th day of April, 2011.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT